IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXIS TORRES JIMENEZ | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-1871 |
| | : | |
| BRIAN MCSHANE, et al. | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                    **March 24, 2026**

Petitioner Alexis Torres Jimenez brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). He argues his mandatory detention without a bond hearing is illegal. Because 8 U.S.C. § 1225(b)(2) does not apply to noncitizens like Mr. Torres Jimenez who entered the United States years ago and were later arrested in the interior, the Court will grant his petition.

## BACKGROUND

Mr. Torres Jimenez is a citizen of Venezuela. Pet. ¶ 18, Dkt. No. 1. He alleges he has been present in the United States since 2021, filed an application for asylum, sought work authorization, and complied with his immigration proceedings and ICE reporting requirements. *Id*. ¶ 32. The Government similarly represents he entered the United States without inspection in 2021, was encountered near San Luis, Arizona on October 28, 2021, and was issued a Notice to Appear on November 1, 2021. Gov't Opp'n 4, Dkt. No. 4.

On March 20, 2026, ICE detained Mr. Torres Jimenez at a scheduled check-in at the Dover Field Office in Delaware and transferred him to the Philadelphia Federal Detention Center. Pet. ¶ 3. He filed the instant habeas petition the next day. The Government contends Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) because, as an "applicant for admission," he remains "seeking admission" until his removal proceedings conclude. Gov't Opp'n 3-4.

**DISCUSSION**

This case turns on a statutory question this Court and many others in this district have already resolved against the Government: whether a noncitizen who entered without inspection years ago and is later arrested in the interior remains an alien "seeking admission" within the meaning of § 1225(b)(2)(A). The Government acknowledges courts in this district have rejected its interpretation, though it continues to press that position here. Gov't Opp'n.

In *Ndiaye v. Jamison*, this Court held that "§ 1226 applies to noncitizens . . . who have been residing in the country, while § 1225 is reserved for newly arriving noncitizens." No. CV 25-6007, 2025 WL 3229307, at *8 (E.D. Pa. Nov. 19, 2025). Every single judge in this district who has addressed this issue has reached the same conclusion. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025); *Rodrigues v. Jamison*, No. 26-1407, 2026 WL 676468 (E.D. Pa. Mar. 10, 2026).

Mr. Torres Jimenez was not detained while seeking admission at or near the border. He had been living in the United States since 2021, had been released into removal proceedings, and was arrested years later at an interior ICE check-in. On these facts, § 1226(a), not § 1225(b)(2)(A), governs his detention. Because the Government offers no basis for Petitioner's present detention other than § 1225(b)(2)(A), his current detention is unlawful.

**CONCLUSION**

Accordingly, the Court will grant Petitioner's Petition for Writ of Habeas Corpus and order his immediate release. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.